Anthony ORTIZ, Plaintiff–Appellant,

v.

Glenn S. GOORD, Jr., Individually and as Commissioner of the New York State Department of Correctional Services, Peter Lacey, Individually and as Superintendent of Bare Hill Correctional Facility, Eugene A. Garrant, Individually and as a Correctional Officer, Defendants–Appellees.

No. 06–4622–pr.

United States Court of Appeals, Second Circuit.

May 5, 2008.

98

Martin Block, Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY, for Appellant.

Robert M. Goldfarb, Assistant Solicitor General, for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellees.

Present: JOSEPH M. McLAUGHLIN and ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,* District Judge.

## SUMMARY ORDER

Anthony Ortiz appeals from the district court's March 30, 2005 summary-judgment dismissal of his 42 U.S.C. § 1983 action. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

"Defendants may be held liable under § 1983 if they ... exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's deprivation of rights under the Constitution." *Doe v. New York City Dep't of Social Servs.,* 649 F.2d 134, 145 (2d Cir.1981). Deliberate indifference is found in the Eighth Amendment context when a prison supervisor "knows of and disregards an excessive risk to inmate health or safety.... Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer v. Brennan,* 511 U.S. 825, 837, 844–45, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Ortiz challenges the district court's decision only with respect to defendant Lacey. Construing all evidence in the manner most favorable to Ortiz, as nonmoving party, we find that he has not established a genuine issue of material fact with respect to the reasonableness of Lacey's actions in response to allegations of defendant Garrant's misconduct at Bare Hill Correctional Facility. The record shows that Lacey initiated and cooperated with an assiduous investigation of Garrant by the Inspector General's Office. While relocating Garrant to another prison would have prevented his assault of Ortiz, it would have risked warning Garrant he was being investigated and would not have stopped him from preying on other inmates. Moreover, although the Inspector General's investigation of Garrant did not substantiate inmates' allegations of Garrant's misconduct until Garrant assaulted Ortiz, there is no evidence in the record that the investigation was "inadequate or incompetent." *Cecere v. New York,* 967 F.2d 826, 829 (2d Cir.1992).

We, therefore, affirm the judgment of the District Court.

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.